IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 5:17-00113

RASHAUN CARTER,
CHARLES HILL,
JAMES RODNEY STAPLES,
KARL FUNDERBURK,
LETINA CARTER,
ESAU BURNETTE,
DERRICK STAPLES,
COREY LARKIN,
GEORGE BROCKMAN,
SHAUN JONES,
SHAUN GIVINS,
JONATHAN BROCKMAN,
JONATHAN VINCENT MOORE,
SHANN AKIEM ANDERSON, and
SHAUN COLEMAN

**MEMORANDUM OPINION AND ORDER**

Before the court are nine (9) motions to continue the trial date set for January 3, 2018. ECF Nos. 406, 409, 412, 418, 419, 420, 434, 435, 437. In each motion, counsel for defendants seek additional time to review the government's Third, Fourth, Fifth, and Sixth Supplemental Response to Standard Discovery Requests. See ECF Nos. 402, 403, 407, 408. At a hearing, the government and counsel for each defendant that has not already pled guilty[1] did not object to a continuance.

---

[1] With the exception of Michael Payne, counsel for Jonathan Vincent Moore, who was not present at the hearing.

The court finds that failure to grant the requested continuance would likely prejudice defense counsels' ability to effectively represent defendants.  Because failure to grant the requested continuance would likely result in a miscarriage of justice, the court finds that the ends of justice outweigh the best interest of the defendants and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  In deciding to grant defendants' motions, the court considered the factors outlined in 18 U.S.C. § 3161(h)(7)(B) and finds that denying the motion "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Deeming it proper to do so, the court **GRANTS** defendants' motions to continue.

Accordingly, the court **ORDERS** as follows:

I. Trial of this action is continued until **Tuesday, April 3, 2018, at 9:30 a.m.**, in Beckley;

II. Pre-trial motions are to be filed on or before **Tuesday, March 13, 2018**;

III. A pretrial motions hearing is scheduled for **Tuesday, March 20, 2018, at 10:30 a.m.,** in Charleston;

IV. A cut-off date for the government's disclosures is set for **March 4, 2018**.

V.   Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from the filing of defendants' motions until the trial is excludable for purposes of the Speedy Trial Act.[2]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

It is **SO ORDERED** this 20th day of December, 2017.

ENTER:

David A. Faber
Senior United States District Judge

---

[2] The court notes that, for purposes of determining compliance with the Speedy Trial Act, "in cases involving multiple defendants only one speedy trial clock, beginning on the date of the commencement of the speedy trial clock of the most recently added defendant, need be calculated under 18 U.S.C. § 3161(h)(7)." United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983); see also United States v. Walker, Nos. 95-5914, 96-4247, 96-4110, 1997 WL 358770, *3 (4th Cir. June 30, 1997) (quoting Piteo).